UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| BRADFORD ROSS, # 204607, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PAUL DUBY, et al., )<br>)<br>Defendants. )<br>_____) | Case No. 1:10-cv-1083<br><br>Honorable Paul L. Maloney<br><br>**REPORT AND RECOMMENDATION** |

This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. §1983. Plaintiff filed this lawsuit on November 4, 2010. He named Correctional Facilities Administration Special Activities Coordinator Michael Martin and Chaplain Paul Duby as defendants. He sues defendants in their individual and official capacities and seeks an award of damages. (docket # 1 at ID#s 2, 4). On February 17, 2011, Chief District Judge Maloney completed initial screening of plaintiff's complaint and ordered that it be served on defendants. (Order Regarding Service, docket # 5).

The matter is now before the court on defendants' Rule 12(b)(6) motion seeking dismissal of all plaintiff's claims against defendants in their official capacities because they are barred by Eleventh Amendment immunity.[1] (docket # 11). Plaintiff has filed his response (docket # 14) and defendants' motion is ready for decision. For the reasons set forth herein, I recommend

---

[1] Defendants' motion does not address plaintiff's claims for damages against defendants in their individual capacities. Further, Chief Judge Maloney has already determined that those claims withstand scrutiny under Rule 12(b)(6) standards. (docket # 5).

that defendants' motion be granted and that all plaintiff's claims for damages against defendants in their official capacities be dismissed with prejudice because they are barred by Eleventh Amendment immunity.

## Discussion

A federal court may raise the issue of Eleventh Amendment immunity *sua sponte* or wait for a party to raise it. *See Wisc. Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998); *Cady v. Arenac County*, 574 F.3d 334, 345 (6th Cir. 2009); *Nair v. Oakland County Community Mental Health Auth.*, 443 F.3d 469, 474-46 (6th Cir. 2006). Here, the court adopted the latter approach.

Defendants have raised Eleventh Amendment immunity in a timely fashion and they are entitled to dismissal of all plaintiff's claims for damages against them in their official capacities.[2] A suit against a state officer in his official capacity is simply another way of pleading an action against the state. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment generally bars suit in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Skinner v. Govorchin*, 463 F.3d 518, 524 (6th Cir. 2006). The State of Michigan has not consented to civil rights suits in federal court. *See Johnson v. Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004). Furthermore, States and their departments are not "persons" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. at 71. I find that all plaintiff's claims against defendants in their official capacities are barred by Eleventh Amendment immunity.

---

[2]Defendants are incorrect when they assert that plaintiff "did not indicate in his Complaint the capacity in which he is suing Defendants." (Def. Brief at 2, docket # 12).

### **Recommended Disposition**

For the foregoing reasons, I recommend that defendants' motion to dismiss (docket # 11) be granted and that all plaintiff's claims against defendants in their official capacities be dismissed with prejudice because they are barred by Eleventh Amendment immunity.


Dated:   November 2, 2011             /s/  Joseph G. Scoville
                                      United States Magistrate Judge


### **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  General objections do not suffice.  *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006)