UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADFORD ROSS, # 204607,  )
                                            )
        Plaintiff,  )    Case No. 1:10-cv-1083
                                            )
v.  )    Honorable Paul L. Maloney
                                            )
PAUL DUBY, et al.,  )
                                            )    **REPORT AND RECOMMENDATION**
        Defendants.  )
_____)

       This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Defendant Paul Duby is the chaplain at the Oaks Correctional Facility (ECF). Defendant Michael Martin is the special activities coordinator for the Michigan Department of Corrections (MDOC). Plaintiff alleges that defendant Duby failed to schedule him for Jewish group religious services at ECF from his initial request to attend such services in "late 2008" through his April 15, 2009 transfer to another prison. He alleges that in March 2009 defendant Martin denied his request to participate in the MDOC's Kosher Diet Program. He seeks damages against defendants in their individual capacities[1] for these alleged violations of his First Amendment rights.

       On December 20, 2011, defendants filed a motion for summary judgment. (docket # 25). Plaintiff filed his response on December 28, 2011. (docket # 27). On April 19, 2012, the court entered an order granting plaintiff leave to supplement his response on or before May 23, 2012.

---

      [1]On December 5, 2011, the court dismissed all plaintiff's claims against defendants in their official capacities. (12/5/11 Order, docket # 21).

(4/19/12 Order, docket # 32).  Plaintiff did not supplement his response.  Defendants' motion for summary judgment is ready for decision.  For the reasons set forth herein, I recommend that defendants' motion for summary judgment be granted and that judgment be entered in defendants' favor on all plaintiff's claims.

## Summary Judgment Standards

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); *Pahssen v. Merrill Cmty. Sch. Dist.*, 668 F.3d 356, 362 (6th Cir. 2012).  The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).  The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Adams v. Hanson*, 656 F.3d 397, 401 599 (6th Cir. 2011).

A party asserting that a fact cannot be genuinely disputed must support the assertion as specified in Rule 56(c)(1).  Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  To

sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings.[2] FED. R. CIV. P. 56(e)(2), (3); *see Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Donald v. Sybra, Inc.*, 667 F.3d 757, 760-61 (6th Cir. 2012).

### **Proposed Findings of Fact**

The following facts are beyond genuine issue. Plaintiff is serving a 40-to-60 year sentence in the custody of the MDOC on his murder conviction. (Compl. ¶ 1). He is currently an inmate at the Richard A. Handlon Correctional Facility (MTU). At all times relevant to his complaint, plaintiff was an inmate at the Oaks Correctional Facility (ECF). (*Id.*). Defendant Paul Duby is ECF's chaplain. (Duby Aff. ¶ 1, docket # 26-1, ID# 118). Defendant Michael Martin is the MDOC's special activities coordinator. (Martin Aff. ¶ 1, docket # 26-4, ID# 158).

Plaintiff states: "Upon my intake in the MDOC on this case, I was never asked what my choice of religious preference [was]. I had noticed it on some paperwork in the MDOC but I was

---

[2]Plaintiff's complaint is verified under penalty of perjury. It is considered as an affidavit in opposition to defendants' motion for summary judgment. *See El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008). However, "verified" arguments and legal conclusions are not evidence. Legal conclusions, whether asserted in an affidavit or verified complaint, do not suffice to create a genuine issue of material fact for trial. *See Medison Am. Inc. v. Preferred Med. Sys., LLC*, 357 F. App'x 656, 662 (6th Cir. 2009); *see also Stine v. State Farm Fire & Cas. Co.*, 428 F. App'x 549, 550 (6th Cir. 2011) (A "conclusory affidavit bypasses the specific-facts requirement of Federal Rule of Civil Procedure 56 necessary to forestalling summary judgment.").

not at that time practicing any religion, I never tried to change the mistake of Protestant in the place of Judaism. It just did not seem important to me at the time of entering prison." (Plf. Aff. ¶ 3, docket # 27-1, ID# 187). On January 27, 2009, plaintiff filed a document changing his stated religious preference from Protestant to Jewish. (Duby Aff. ¶ 5; *see* Policy Directive 05.03.150 ¶ S, docket # 26-1, ID# 125). Plaintiff's affidavit (docket # 27-1) says nothing about his beliefs, other than he considered his religious preference unimportant when he entered prison.

On February 15, 2009, plaintiff was placed on the roll of ECF prisoners to be called out for Jewish group religious services. (Duby Aff. ¶ 12). On February 15, 2009, he was called out to attend the group service. (*Id.*). Plaintiff was one of the seven prisoners on that call-out list. Including plaintiff, only four prisoners showed up for the group service. (*Id.*). Under Policy Directive 05.03.150, ¶ X, a service is not required to be conducted "if there are less than five prisoners within the same security level of that institution who actively participate in the religious activities of a group." (docket # 26-1, ID# 126). The four prisoners either chose to leave (Duby Aff. ¶ 13) or were directed to return to their housing units (Plf. Aff. ¶ 2). These prisoners were placed back on the waiting list and were informed that once a minimum of five prisoners were on the list, the group service would be rescheduled. (Duby Aff. ¶¶ 13-14). On April 15, 2009, plaintiff was transferred to another prison. (Compl. ¶ 4).

Almost immediately after changing his stated religious preference, plaintiff filed a written request to participate in the MDOC's Kosher Meal Program. (Duby Aff. ¶¶ 5-6; Compl. ¶ 6). ECF is not among the State's prisons where a Kosher diet is available. (docket # 26-2, ID# 133). Thus, any effort to accommodate plaintiff's preference would necessarily require transferring him to another prison. On February 12, 2009, Defendant Duby interviewed plaintiff as required by Policy

Directive 05.03.150.  (Duby Aff. ¶ 7; docket # 26-4).  Plaintiff appeared to have little knowledge of his newly-adopted religion and appeared to be regurgitating verbatim bits of information he had memorized.  (Duby Aff. ¶¶ 8-10).  Duby recommended that plaintiff's request to participate in the Kosher Meal Program be denied.  Duby had no power to grant or deny plaintiff's request.  (*Id.* at ¶ 10).

Special Activities Coordinator Martin reviewed plaintiff's request for a special diet, his answers to the interview questions, and Duby's recommendation.  (Martin Aff. ¶¶ 5-22).  On March 15, 2009, Martin concluded that plaintiff's newly-adopted religious beliefs were not sincerely held, and denied plaintiff's request to participate in the Kosher Meal Program.  (*Id.* at ¶ 23).

Plaintiff filed this lawsuit on November 4, 2010.

## Discussion

Plaintiff seeks an award of damages against defendants under 42 U.S.C. § 1983 for abridgement of his free-exercise rights under the First Amendment.  To establish a religion basis supporting free exercise claims, plaintiff must show (1) his belief or practice is religious in his own scheme of things and (2) the belief is sincerely held.  *See Flagner v. Wilkinson*, 241 F.3d 475, 481 (6th Cir. 2001); *see also Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) ("Only after a prison inmate shows a sincere belief that his or her religion requires the practice at issue does the court move on to determining whether the prison's actions restricting the practice are valid.").  Plaintiff has not presented evidence on which a reasonable trier of fact could find in his favor on either threshold component of a First Amendment claim.

Prison officials have no obligation to accommodate a prisoner's dietary preference absent proof of a sincerely held religious belief. *See Wisconsin v. Yoder*, 406 U.S. 205, 215 (1972); *Colvin v. Caruso*, 605 F.3d 282, 298 (6th Cir. 2010); *Searcy v. Macomb County Jail*, No. 10-11243, 2012 WL 1094358, at * 6 (E.D. Mich. Mar. 13, 2012) ("[I]f a prisoner's request for a particular diet is not the result of sincerely held religious beliefs, the First Amendment imposes no obligation on the prison to honor that request . . . .") (quoting *Dehart v. Horn*, 227 F.3d 47, 52 (3d Cir. 2000)).

Further, in the prison context, First Amendment rights are subject to balancing against legitimate governmental interests. Thus, even in the face of a valid free-exercise claim, a prisoner's First Amendment rights are subject to balancing under the familiar *Turner* test. *See Turner v. Safley*, 482 U.S. 78, 89-91 (1987); *see also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1987). The Sixth Circuit and lower federal courts have consistently upheld the constitutionality of prison regulations requiring that at least five documented members of a faith be present before a group service is held. *See Spies v. Voinovich*, 173 F.3d 398, 404-05 (6th Cir. 1999); *Lefler v. McKee*, No. 1:10-cv-778, 2011 WL 3879481, at * 5-6 (W.D. Mich. Aug. 10, 2011); *accord Colvin v. Caruso*, 605 F.3d at 291 ("This court has consistently permitted prisons to take into account the level of inmate interest in a particular religion when determining whether to hold services.") (collecting cases). Plaintiff has adduced no evidence suggesting that the decision to deny his request was not based on this requirement or that it was somehow exaggerated or pretextual. Therefore, with regard to his claim that plaintiff was denied access to Jewish services, defendants are entitled to summary judgment on this alternative basis as well.

**Recommended Disposition**

For the foregoing reasons, I recommend that defendants' motion for summary judgment (docket # 25) be granted and that judgment be entered in defendants' favor on all plaintiff's claims.


Dated:  September 10, 2012         /s/  Joseph G. Scoville
                                   United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  General objections do not suffice.  *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).