UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADFORD ROSS, #204607, )
    Plaintiff, )
 ) No. 1:10-cv-1083
-v- )
 ) HONORABLE PAUL L. MALONEY
PAUL DUBY, et al., )
    Defendants. )
_____)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

    Plaintiff Bradford Ross, a prisoner under the control of the Michigan Department of Corrections ("MDOC"), filed suit under 42 U.S.C. § 1983 alleging violations of his rights under the First Amendment. Defendants filed a motion for summary judgment. (ECF No. 25.) The magistrate judge reviewed the record, and issued a report recommending the motion be granted and all of the remaining claims be dismissed. (ECF No. 34.) Ross timely filed an objection. (ECF No. 35.)

    A district court judge reviews de novo the portions of the report and recommendation ("R&R") to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Arn*,

474 U.S. at 155 (upholding the Sixth Circuit's practice).  The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The magistrate judge concluded, on the basis of the record, Ross did not put forth sufficient evidence to create a genuine issue of material fact on either element of the religious basis for his Free Exercise claim.  (R&R 5 PgID 210.)  Ross's objection does not address both reasons for the magistrate judge's recommendation.  The record contains insufficient evidence to create a genuine issue of material fact that Ross's asserted beliefs are religious in his own scheme.  When interviewing Ross, Duby concluded that Ross had little knowledge of Judaism.  This conclusion undermines the religious connection between Ross's demand for a kosher meal and his beliefs.  The record also contains insufficient evidence to create a genuine issue of material fact on the second element, that Ross's religious beliefs were sincerely held.  Even if Ross's objections create a genuine issue of material fact on one of the elements, the lack of a genuine issue on the other provides a sufficient basis for granting the motion.

Therefore, the report and recommendation is **ADOPTED**, over objections, as the opinion of this Court.  Defendants' motion for summary judgment is **GRANTED.**  Ross's claims against Defendants are **DISMISSED WITH PREJUDICE.  IT IS SO ORDERED.**


Date:   September 26, 2012               /s/ Paul L. Maloney
                                                                                                          Paul L. Maloney
                                                                                                          Chief United States District Judge